**Vishal Bhupendra PATEL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76097.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.[*]

Filed Jan. 17, 2007.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David T. Acalin, Esq., Jade D. Mundel, Marks & Acalin, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Emily A. Radford, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Vishal Bhupendra Patel, a native and citizen of the United Kingdom, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") decision pretermitting his application for cancellation of removal. Legal determinations regarding a petitioner's eligibility for cancellation of removal are reviewed de novo. *See Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002). We grant the petition for review.

The IJ determined that Patel was statutorily ineligible for cancellation of removal because Patel was convicted of a controlled substance offense before Patel acquired seven years of continuous physical presence. *See* 8 U.S.C. § 1229b(a)(2). Patel argues that any lawful status accrued by his mother can be imputed to him, and this additional time would allow him to satisfy the seven-year continuous residence requirement. We agree and remand in order for him to present evidence on the issue. *See Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1029 (9th Cir.2005) ("for purposes of satisfying the seven-years of continuous residence 'after having been admitted in any status' required for cancellation of removal under 8 U.S.C. § 1229b(a), a parent's admission for permanent resident status is imputed to the parent's unemancipated minor children residing with the parent").

Because this court issued its decision in *Cuevas–Gaspar* two months after the BIA issued its order in Patel's case, Patel was not required to raise this argument before the BIA. *See Alcaraz v. INS,* 384 F.3d 1150, 1159 (9th Cir.2004) (holding that pe-

ed by 9th Cir. R. 36–3.

titioners' argument was not foreclosed for failing to exhaust their administrative remedies because the relevant regulations were issued after they were required to submit their brief to the BIA). Furthermore, the prudential exhaustion requirement does not apply to Patel's case because filing a motion to reconsider with BIA at this point would be untimely, and therefore, futile. *Id.* at 1160.

The court need not address the additional arguments raised by Patel for the first time in his reply brief. *See Cuevas–Gaspar,* 430 F.3d at 1021 n. 4 (issues not raised in the opening brief are deemed waived).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.